**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

KEY EQUIPMENT FINANCE, INC.                              PLAINTIFF

V.                                                                                        CIVIL ACTION NO.
                                                                                               2:09-CV-61-P-A

DESOTO IMAGING & DIAGNOSTICS,
LLC; KEVIN BLACKWELL                                  DEFENDANTS

## ORDER

       The plaintiff, Key Equipment Finance, Inc., which did not demand a jury trial in this case, seeks [Docket no. 11] an order striking the defendants' jury demand in their answer to the complaint [Docket no. 9], on grounds the equipment lease at issue in this case contained a provision in which both parties waived their right to a jury trial. Docket no. 12, p. 1; Docket no. 1, p. 7, ¶ 16. The defendants, Desoto Imaging & Diagnostics LLC and Kevin Blackwell, have filed no response, and the time for filing a response pursuant to Local Rule 7.2(D) has passed. When a party fails to respond to a motion within the time allotted, the court may take the motion as confessed. Uniform Local Rules of the United States District Courts for the Northern District of Mississippi and Southern District of Mississippi 7.2(C)(2).

       It is well settled that parties to a contract may agree in advance to submit to the jurisdiction of certain forums, to permit notice to be served by the opposing party or to waive notice altogether. *National Equipment Rental , Limited v. Szukhent*, 375 U.S. 311, 315-316 (1963 (internal citations omitted). Moreover, due process rights may be waived. *D.H. Overmyer Co. Inc., of Ohio v. Frick Co.*, 405 U.S. 174, 185 (1972). The standard for waiver in a corporate property rights case is the same as the standard in a criminal proceeding: the waiver must be voluntary, knowing and intelligently made. *Id.*

In this matter, the defendants knowingly agreed to waiver of a jury trial when Blackwell signed the master lease agreement that contained the waiver language as evidenced by the fact that the waiver language in the contract was clearly distinguishable from the rest of the agreement because it was printed in capital letters, and Blackwell's signature was directly below the contract provision containing the language. The defendants have not presented any argument to the contrary or alleged that the waiver was not voluntary, knowing or intelligently made.

Accordingly, it is ORDERED

That the plaintiff's motion to strike the defendants' demand for a jury trial in their answer is GRANTED.

This the 17th day of June, 2009.

/s/ S. ALLAN ALEXANDER
U.S. MAGISTRATE JUDGE